STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. MICHAEL YEVCHAK, PLAINTIFF IN ERROR.

Argued October 5, 1943—Decided October 20, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the defendant in error, *Arthur C. Dunn,* Prosecutor of the Pleas (*Peter J. McGinnis,* Assistant Prosecutor, of counsel).

For the plaintiff in error, *David Cohn.*

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff in error, convicted of rape at the Passaic Quarter Sessions, brings up the judgment for review by strict writ of error and also under the general review provided by our Criminal Procedure Act (*R. S.* 2:195–16) upon specification of causes for reversal.

It is first argued that the verdict was contrary to the weight of evidence. If the plaintiff in error would prevail in the argument made it must appear that the verdict is so clearly against the weight of evidence as to give rise to the inference that it was the result of mistake, passion, prejudice or partiality. In the examination of such point the court is obliged to consider the evidence supporting the verdict as though the matter was on rule to show cause and weigh it in all its fullness just as it was presented to the jury. *State* v. *Morehouse,* 97 *N. J. L.* 285; *State* v. *Karpowitz,* 98 *Id.* 546. The court's duty is the same in a criminal as in a civil case. There is no occasion to delineate or outline in detail the proofs in this case. The defense was a denial of the commission of the crime. The issue was credibility and veracity. The jury had before them a statement, signed by the defendant in the presence of four or five witnesses, admitting the commission of the crime and the accompanying details; proof that on arraignment in the Recorder's Court he pleaded "guilty;" and proof elicited on defendant's cross-examination, that he had been previously convicted of crime, here and elsewhere. In these circumstances the jury disbelieved the defendant's denial of guilt. We perceive no merit in the argument made for the plaintiff in error under this point.

It is next said the trial court committed error in its charge to the jury. The following statement of the court is chal-

lenged: "Now notwithstanding the written and signed statement in the nature of a confession which is in evidence and which will be before you, and the defendant's plea of guilty upon arraignment in the Recorder's Court." This incomplete sentence is written down as one of the specifications of causes for reversal. The balance of the sentence is as follows: "and you have heard and will of course consider his [defendant's] own explanation with respect to both of these items—the defense is an absolute denial. Defendant contends that this is a case of mistaken identity and that he is not the person who committed the alleged crime. These are things solely for your consideration and it is not necessary for me to comment further upon them because the finding of fact is solely for you * * *."

The argument of the plaintiff in error amounts to this: that the instruction quoted above "transcended" the court's right of comment on the evidence and was the equivalent to a direction to the jury that they find that the plaintiff in error had made a confession and that he had pleaded guilty upon his arraignment. The signed statement of the plaintiff in error, admitting the perpetration of the crime in all its detail, was received in evidence without objection; testimony that a plea of guilty had been made by him before the Recorder, on arraignment, was likewise received. But it is argued that the court's instruction to the jury on this element of the charge runs counter to the opinion of our court of last resort in the case of *State* v. *Swan,* 130 *N. J. L.* 372, and *State* v. *Jefferson,* 129 *Id.* 311. These authorities do not support the argument. What the learned trial judge said was not error in law. He merely directed the jury's attention to certain pertinent evidence and to the defendant's denial and explanation thereof and admonished the jury that these were matters solely for their consideration and finding. In this there was no error.

It is next argued that the trial judge abused his discretion in several particulars—failure to charge the jury with reference to the crime of assault with intent to rape; or to commit an assault; or to commit an atrocious assault and battery, or to commit an assault and battery. There is no substance

to any of these points. It is well settled that failure to charge a proposition of law even though applicable to the facts of the case cannot be made the basis for an assignment of error or a specification of causes for reversal in the absence of a request so to charge. *State* v. *Borone,* 96 *N. J. L.* 417; *State* v. *Larsen,* 105 *Id.* 266. Here no request to charge was submitted by the plaintiff in error nor was there any exception noted at the conclusion of the court's charge to anything the court had said or failed to say. *State* v. *Capawanna,* 118 *Id.* 429; *State* v. *Borone, supra.*

On the last point made by plaintiff in error it is said the trial court erred in its ruling on evidence. The objection is that the court admitted in evidence a photograph of the state's complaining witness taken right after the event which showed that she had been cruelly beaten. The argument advanced is that this was harmful, that while it would be proper to admit such exhibit to prove an assault and battery yet it should not be admitted to support the charge of this indictment. This argument overlooks the fact that the complaining witness testified that to accomplish his purpose plaintiff in error beat her savagely. The beating was related to the major crime. Under these circumstances the photograph, there being proof of its authenticity, was properly received.

Under this heading it is said that the trial court erred in overruling two questions addressed to a defense witness, calculated, as we infer, to put into the minds of the jury the suspicion or belief that the complaining witness was not a woman of good reputation. If it was the purpose of the defense to bring into the case the complaining witness' lack of chastity, the questions were improper in that no foundation had been laid for attack upon her reputation. The questions did not relate to her reputation. If the questions were asked for any other purpose they were immaterial and were properly disallowed.

This concludes our consideration of the errors alleged to have occurred during the course of the trial which are presented in the brief for the plaintiff in error. We find no error and the judgment brought up by the writ is affirmed.