65 N.J. Super. 478 (1961)
168 A.2d 81
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
HERMAN L. McMILLAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued February 27, 1961.
Decided March 1, 1961.
*479 Before Judges GOLDMANN, FOLEY and LEONARD.
Mr. Bernard A. Campbell, court-assigned counsel, argued the cause for appellant.
Mr. Edward J. Phelan, Assistant Prosecutor, argued the cause for respondent (Mr. Stanley E. Rutkowski, Mercer County Prosecutor, attorney).
The opinion of the court was delivered by GOLDMANN, S.J.A.D.
Defendant was convicted by a jury on three indictments, tried together by consent, respectively charging him with assault with an offensive weapon, rape, and assault with intent to rob. He was represented at the trial by able court-appointed counsel who vigorously asserted defendant's rights at every turn. The court sentenced defendant to consecutive State Prison terms of 2-7 years, 25-30 years, and 8-12 years on the respective indictments.
On this appeal defendant contends that (1) it was error to admit into evidence his confession, which had been edited, revised and altered; (2) there was reversible error because of the State's failure to produce a material witness whose testimony might have acquitted him; and (3) these errors constituted "plain error" within the meaning of R.R. 1:5-1(a). We permitted defendant to appeal as an indigent, and provided him with a free transcript and assigned counsel, an attorney other than the one who defended him at the trial.
*480 The State called Detective Lieutenant Kowal to lay the foundation for admission into evidence of defendant's statement confessing to the alleged crimes. During Kowal's cross-examination defense counsel asked to see the statement and, after reading it, requested a side-bar conference. The jury was excused. Apparently defense counsel objected to a question and answer in the statement on the ground that it was not material or relevant, and would be prejudicial to his client. The question and answer were as follows:
"Q. Do you have any brothers or sisters? A. I have a sister Legrace and she is 15. She is in the State Home for Girls. I have a brother Gene Curtis and he is 12. He is in Jamesburg. I just got out of Annandale in September of 1958. I was there for ten and one-half months."
The assistant prosecutor insisted that the statement was admissible in its entirety. The trial judge took the position that the quoted material was not relevant or material, and "a safe course would be to excerpt this particular paragraph. It can be done easily. I rule as I do because I see some hazard in it." He suggested that the clerk might cut the paragraph out with scissors, and defense counsel suggested that a piece of paper be stapled over it. Later in the colloquy the court asked counsel if he would be satisfied with leaving the paragraph in, and if it eventually got into evidence he would charge the jury that the criminal record of defendant's brothers and sisters was to be disregarded. The response from defense counsel was: "I am afraid * * * I couldn't go along with that." The court then decided that the paragraph be cut out.
The confession was eventually admitted into evidence and, at the assistant prosecutor's suggestion, the court instructed the jury that he had ruled one part of the statement not material, which accounted for the fact that the first page had been cut so that the offending part could be removed. The confession was then read to the jury without the indicated paragraph.
*481 The information contained in the quoted question and answer was clearly not relevant to the crimes charged against defendant. Furthermore, it was manifestly prejudicial to him. Defense counsel would have been lax in the discharge of his assignment had he not requested that the paragraph be deleted before the statement was admitted into evidence and given to the jury. We have here a situation where it is now sought to predicate plain error, not under circumstances where defense counsel failed to object, but upon his action in attempting to prevent prejudice to his client. It seems too obvious for argument that defendant was not prejudiced by the admission of the statement without the offending language, but was, in fact, saved from any prejudice by the so-called alteration.
A case similar on its facts to this one is Hansbrough v. State, 228 Ind. 688, 94 N.E.2d 534 (Sup. Ct. 1950), where defendant was convicted of murder in the first degree. One of his grounds of appeal was that the trial court had stricken certain portions of his confession. This was done after trial counsel had objected to the offending material. It was stricken at his request, and he made no further objection to the admission of the confession. However, on appeal defendant's new counsel, who was not present at the trial, insisted that the confession should not have been received since there had been a deletion. The court held there was no error in admitting the confession with the deletion. Cf. 2 Wharton, Criminal Evidence (12th ed. 1955), § 361, p. 74; 22 C.J.S. Criminal Law § 820, p. 1440, and § 833, p. 1456 (1940), dealing with omission of irrelevant parts of a confession.
Defendant also contends that it was reversible error for the State not to produce a Mr. Haroldson, a neighbor of the complaining witness who, according to her testimony on direct examination, passed near the scene of the crime during a later stage of the attack. She had testified that defendant had attacked her behind a hedge which separated a canal feeder from a street paralleling it. Defendant had *482 her on the ground, one hand over her mouth and a razor in the other, when she saw Haroldson cross the feeder footbridge some 75 or 100 feet distant. He continued walking along a pavement on the other side of the hedge, in back of her. On cross-examination she said that he was looking "straight away" when she saw him. Asked his age on redirect, she said he was 70 and had cataracts.
Defendant now urges that the State's failure to call Haroldson violated Art. I, par. 10 of the New Jersey Constitution of 1947, which provides that in all criminal prosecutions the accused shall have the right to be confronted with the witnesses against him. It is difficult to follow the logic of this rather novel argument: Haroldson was not a witness against the accused.
It is also argued that "it was error in place of his [Haroldson's] testimony to permit the accusing witness to characterize his (Haroldson's) testimony, and to state that he (Haroldson) was looking in another direction." In the first place, this occurred on cross-examination by defense counsel, and secondly, it was not a characterization of testimony  Haroldson never testified  but an observation made by the witness.
At no time during the trial was an objection raised by defendant's very competent counsel to the State's failure to call Haroldson to the stand. There is nothing to show that Haroldson was in a position to refute the complaining witness' testimony and, if he was, that he was not subject to subpoena by the defense. His name and address were given early in the rather lengthy trial. Surely, if defense counsel thought that Haroldson would testify that he did not walk across the footbridge at 11:40 P.M. on the night of the attack, as the victim testified, or that he actually saw what was going on behind a hedge some 70-100 feet away, he would have been subpoenaed to refute her testimony. Of course, the State could not suppress any material evidence  and there is nothing whatsoever to suggest it did  which might point in the direction of defendant's innocence. By *483 the same token, it was not obligated to call every witness who might possibly cast doubt upon the credibility of the complaining witness.
Defendant, as we have said on the basis of a reading of the entire record, was ably represented by assigned counsel. His attorney had implied authority to make all necessary decisions on all matters incidental to the management of the case which affected either procedure or remedy, as distinguished from the cause of action itself. Defendant is bound by his acts. State v. Bentley, 46 N.J. Super. 193, 201-202 (App. Div. 1957).
Defendant had a fair trial. We find no error, let alone plain error. The judgments of conviction are affirmed.