89 N.J. Super. 445 (1965)
215 A.2d 374
THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ROBERT F. TERRY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 8, 1965.
Decided December 16, 1965.
*447 Before Judges CONFORD, KILKENNY and LEONARD.
Mr. Robert Friedlander, court-assigned counsel, argued the cause for appellant.
Mr. Solomon Lautman, Assistant Prosecutor, argued the cause for respondent (Mr. Vincent P. Keuper, Monmouth County Prosecutor, attorney; Mr. Thomas L. Yaccarino, Assistant Prosecutor, on the brief).
The opinion of the court was delivered by LEONARD, J.A.D.
This is an appeal from a judgment entered after a jury verdict in the Monmouth County Court, *448 convicting defendant Robert F. Terry of rape, in violation of N.J.S. 2A:138-1. Two other defendants, Visco and Nonemacher, were indicted for aiding and abetting defendant in committing the crime, but the charges against them were dismissed on motion at the close of the State's case.
Defendant's primary point on this appeal is that the court committed plain error in its supplemental charge to the jury. The relevant facts follow. In its main charge the court properly charged, without objection, the three necessary elements of the crime of rape, to wit, carnal knowledge, force and lack of consent. The jury then retired and approximately two hours later, through its forelady, indicated that it had a question. At that time the following colloquy took place in open court:
"THE COURT: Madam Forelady, you have a question for the court?
THE FORELADY: Yes, we have been deliberating and have not clearly  it is not clearly in our minds just what is force?
THE COURT: You don't know what force 
THE FORELADY: What is force? (Turning to the rest of the jurors: Isn't that it?)
THE COURT: You want to know whether it was forcibly done?
THE FORELADY: What degree of force?
THE COURT: The degree of force sufficient to overcome any resistance that may have been put up by the female.
THE FORELADY: And also a verbal answer that she would give him, whether she consented or not? Would that mean she would say yes or no, or just to a point where it happened?
THE COURT: Well, it wouldn't be necessary for her to say yes or no. If she consented tacitly, that would be sufficient, where if she resisted tacitly, that would be sufficient to be against her will.
No, she didn't have to say, `No,' and she didn't have to say, `Stop,' but if she resisted to the point where it was against her will, that would be sufficient.
Likewise, if you are of the opinion that she consented, she didn't have to say, `yes,' or `Come ahead.'
If she tacitly consented, that is not against her will.
Does that make it clear to you?
THE FORELADY: Does it make it clear to the jury, I wonder? Could I ask them?
THE COURT: You are the forelady. You are in charge.
JUROR No. 10: I think so.
THE COURT: You may again retire."
*449 After the foregoing colloquy, the trial judge specifically asked defendant's attorney if there was "any objection to what I just told the jury?" and received as an answer, "None, your Honor."
Thereafter, the jury deliberated only 28 minutes more before returning a guilty verdict. Defendant asserts it was obvious that prior to the supplemental charge the jury had been unable to determine whether enough "force and/or resistance" had been employed to constitute rape, and the fact that only 28 minutes were required subsequent thereto to reach a guilty verdict is strongly indicative of the fact that the verdict was based in a large part on the misunderstanding engendered by the allegedly erroneous instruction. The specific error alleged is the instruction that "if she resisted tacitly," that would be sufficient to be against her will. Defendant argues that the concept of "tacit resistance" is foreign to our system of jurisprudence with regard to the crime charged.
Generally, if a woman assaulted is physically and mentally able to resist, is not terrified by threats, and is not in a place and position that resistance would have been useless, it must be shown that she did, in fact, resist the assault. State v. Dill, 3 Terry 533, 42 Del. 533, 40 A.2d 443 (O & T 1944). Unless so excused, such resistance is a necessary element of the crime of rape. In fact, the essential element of non-consent, or that the act be against the woman's will is ordinarily indicated by resistance by the female. 75 C.J.S., Rape, § 12, p. 476. The importance of resistance is to establish two elements in the crime: carnal knowledge by force by one of the parties and non consent thereto by the other. State v. Dill, supra; People v. Scott, 407 Ill. 301, 95 N.E.2d 315 (Sup. Ct. 1950); 44 Am. Jur., Rape, § 6, p. 905; 2 Schlosser, Criminal Laws of N.J. (rev. ed. 1953), § 2074, p. 1024.
In determining the amount and type of resistance that must be exercised we have rejected the former test that a woman must resist "to the uttermost." We only require that she resist as much as she possibly can under the circumstances. *450 State v. Harris, 70 N.J. Super. 9, 16-17 (App. Div. 1961). Resistance is necessarily relative. In all cases, the circumstances and conditions surrounding the parties to the transaction are to be considered in determining whether adequate resistance was offered. 44 Am. Jur., Rape, § 7, p. 906; Wilson v. State, 10 Terry 37, 49 Del. 37, 109 A.2d 381 (Sup. Ct. 1954) certiorari denied 348 U.S. 983, 75 S.Ct. 574, 99 L.Ed. 765 (1955). The resistance offered must be reasonably proportionate to the victim's strength and opportunity. It must be in good faith and without pretense, with an active determination to prevent the violation of her person, and must not be merely passive and perfunctory. State v. Dill, supra; People v. Carey, 223 N.Y. 519, 119 N.E. 83, (Ct. App. 1918).
Defendant, conceding the above to be correct, bottoms his argument that the supplementary charge was incorrect upon the contention that "tacit" and "passive" are synonymous. This is not so.
"Tacit" is defined to mean silent, not expressed, implied. Ballentine Law Dictionary (2d ed.), p. 1261. "Passive" is defined to mean inactive, quiescent, not active, permissive, Ibid., p. 940.
Silent submission is not per se proof that the act was consented to by the female; it is merely an evidentiary fact to be considered by the jury, together with all the other evidence to be weighed in determining whether the act was accomplished by force. Wilson v. State, supra. On the other hand resistance or opposition by mere words is not enough; the resistance must be by acts. 44 Am. Jur., Rape, § 7, p. 905.
Thus, it is not necessary for a female who is the victim of a forceful rape to orally express her lack of consent as long as the same is demonstrated by, or can be implied from, her acts and conduct. But it must be shown that she did, however, actually resist; passive resistance is not sufficient.
*451 We must consider the supplementary charge together with the main charge in its entirety to ascertain whether the jury was misinformed as to the applicable law. State v. Hipplewith, 33 N.J. 300, 317 (1960). So evaluated, we find no prejudice amounting to plain error in the supplemental charge. In the main charge the court properly stated the three necessary elements of the crime of rape: carnal knowledge, force and lack of consent. In the supplemental charge, in response to inquiry by the jury as to the degree of force necessary, the court stated, "the degree of force sufficient to overcome any resistance that has been put up by the female," and further, "if she [prosecutrix] resisted to the point where it was against her will, that would be sufficient." Since "tacit" means "implied" as well as "silent" we may properly assume the jury understood the supplemental instruction merely to mean that the acts of resistance by the victim did not have to be expressed in words in order to suffice to establish guilt from the forceable carnal knowledge. While we do not necessarily subscribe to all of the specific language contained in the supplemental charge, we consider the circumstances in which it was delivered in determining that there was no prejudice to defendant.
We also conclude that defendant's next contention, that the verdict is against the weight of the evidence, is without merit. The prosecutrix, 16 years old, testified that she was forcibly assaulted against her will and without her consent. She testified that the act took place in the back seat of an auto on a dark, lonely country road; that she was pushing defendant away and resisting at the time thereof; that she told him to stop; and, while she didn't call for help, she was crying. Defendant, 28 years old, denied that he actually had relations with the victim but testified that he was about to, but stopped because another auto with lights on approached the scene. However there was expert medical testimony by a doctor, who had examined the prosecutrix immediately after the alleged attack, that the girl had recently had intercourse and that prior to this she had been chaste. Defendant testified *452 that whatever did occur was done with her consent and without any force whatsoever on his part. The issue herein was one of credibility. We find adequate evidence to support the judgment rendered below and consequently will not disturb the same. State v. Johnson, 42 N.J. 146 (1964).
Defendant lastly contends that assigned counsel did not attack or impugn the prior chastity of the prosecutrix. We deem this point to be frivolous. Assigned counsel at the trial, on cross-examination, did inquire as to her past "social" activity with other boys. There was also the above uncontradicted medical testimony that she was chaste before the incident herein.
The judgment of conviction is affirmed.