**Herman L. McMILLAN, Appellant,**

v.

**STATE OF NEW JERSEY.**

**No. 17145.**

United States Court of Appeals
Third Circuit.

Submitted on Briefs on Feb. 20, 1969.

Decided April 7, 1969.

Herman L. McMillan, pro se.

Vincent Panaro, Edward J. Phelan, Trenton, N. J., for appellee.

OPINION OF THE COURT

Before VAN DUSEN, ALDISERT and STAHL, Circuit Judges.

VAN DUSEN, Circuit Judge.

This appeal is from an order of March 3, 1967, in which the District Court of New Jersey denied petitioner-appellant a writ of habeas corpus.

Petitioner was convicted by a jury on three indictments charging him with

rape, assault with an offensive weapon, and assault with intent to rob. In July 1959, he was given consecutive sentences of 25 to 30 years, 2 to 7 years, and 8 to 12 years, respectively. The convictions were affirmed on appeal. State v. McMillan, 65 N.J.Super. 478, 168 A.2d 81 (1961).

On collateral attack, the Appellate Division, in an unreported opinion of April 1, 1965, set aside the conviction for assault with an offensive weapon on the ground that it was merged with the rape conviction. Claims that the charge was improper and that petitioner was ineffectively represented by counsel at trial were, however, rejected.[1] The New Jersey Supreme Court denied certification for lack of merit. Having thus sufficiently exhausted his state remedies as to these claims, which were also rejected by the District Judge without a hearing in an unreported memorandum opinion (Civil No. 1002–66), petitioner urges them upon this court.

■ Violations of due process and equal protection are alleged in the trial court's failure to charge the jury on the degree of resistance necessary to constitute rape. Whether an act alleged to be rape is against a woman's will is ordi-narily indicated by resistance, see State v. Terry, 89 N.J.Super. 445, 215 A.2d 374 (1965), and is a question for the jury, see State v. Auld, 135 N.J.L. 293, 51 A.2d 215 (1947). Petitioner maintained, in a statement he gave to the police (N.T. 200–203) and on the witness stand at trial (N.T. 239–242, 247, 250–255, 262–263, 272, 276–277), that the prosecutrix had consented to relations with him. Her testimony indicated that any apparent consent was feigned out of fear and the hope that rescue might be forthcoming (N.T. 34–40). No instruction on the degree of resistance required for the crime was requested (N.T. 317–318), none was specifically given (N.T. 319–332),[2] and no exception to the failure to so charge was taken (N.T. 332). On direct appeal, neither the necessity of such an instruction, nor the conduct of petitioner's trial counsel with respect to it, was raised by his new court-appointed counsel.[3]

■ The record does not support petitioner's contention that the trial judge, by not instructing on resistance, in effect directed a determination that it was present in the degree required for rape. Cf. State v. Yevchak, 130 N.J.L. 584, 34 A.2d 231 (1943).[4] Moreover, in

1. Petitioner also complained of ineffective counsel on direct appeal, but the Appellate Division did not deal with this issue in its opinion, apparently rejecting the claim.

2. In the course of his discussion of the rape indictment, the trial judge quoted the wording of the statute (N.J.S.A. 2A:-138–1)—"forcibly against her will"—three times. However, he neither elaborated upon this language nor alluded to the concept of resistance elsewhere in the charge.

3. In view of this fact, the general and conclusory statement of the Appellate Division there that "[d]efendant * * * was ably represented by assigned counsel" at trial, State v. McMillan, *supra*, 168 A.2d at 84, sheds little light on the particular conduct of his trial counsel which is now at issue.

4. The charge in relevant part reads:
 "Each [indictment] alleges a certain thing that the defendant did it wilfully, wilfully and in the case of the charge for rape, that it was forcibly and against the will. * * * The State has the burden of proof and that burden is already familiar to you. It must prove to your satisfaction beyond a reasonable doubt that the defendant is guilty as charged [N.T. 329]
 * * * * *
 " * * * you are the sole judge of the facts. I will agree with counsel that the issue is a factual issue and the disposition of that issue will depend upon who in your opinion is telling the truth. You have heard from the complaining witness direct evidence as to what took place. You have heard her story. You have heard the defendant's story. I will leave that factual issue in your hands without further comment." [N.T. 330–331]
 It is noted that the Appellate Division, although holding that the propriety of the charge was not cognizable on collateral attack, stated that as given it did not prejudice petitioner.

the absence of a request to charge, his recital of the statutory language "forcibly against her will" was adequate compliance with his duty "to instruct the jury as to the fundamental principles of law which control the case," see State v. Butler, 27 N.J. 560, 595, 143 A.2d 530, 550 (1958). See, also, State v. Riley, 28 N.J. 188, 145 A.2d 601 (1958), cert. den. 359 U.S. 313, 79 S.Ct. 891, 3 L.Ed.2d 832, cert. den. 361 U.S. 879, 80 S.Ct. 166, 4 L.Ed.2d 117 (1959).

 Petitioner further asserts that the failure of his trial counsel to procure, by request or exception, such a charge was ineffective representation amounting to a denial of due process and equal protection. It appears that when petitioner was tried in 1959, no specific rule governing the degree of resistance required for rape, as asserted by petitioner, had been articulated by New Jersey appellate courts. However, the testimony of the prosecutrix evidenced active resistance, in the face of force, under any standard.[5] Indeed, the circumstances were such that, under the rule later enunciated, she would have been justified in offering no resistance.[6] Alert advocacy

might have dictated that a request for an instruction on resistance be made, but due process did not. Petitioner's counsel argued forcefully to the jury in his closing statement that there was a lack of evidence that his client acted forcibly and against the prosecutrix's will and that a guilty verdict could only be returned if each element of the crime was proved beyond a reasonable doubt (N.T. 293–4). On this record, we are unable to say that the conduct of petitioner's counsel was " * * * so lacking in competence or good faith that it would become the duty of the trial judge or the prosecutor, as officers of the state, to observe and correct it." See United States ex rel. Darcy v. Handy, 203 F.2d 407, 427 (3rd Cir.), cert. den. Maroney v. United States ex rel. Darcy, 346 U.S. 865, 74 S.Ct. 103, 98 L.Ed. 375 (1953); In re Ernst's Petition, 294 F.2d 556 (3rd Cir.), cert. den. 368 U.S. 917, 82 S.Ct. 198, 7 L.Ed.2d 132 (1961).[7]

 Petitioner argues in his brief that due process was also violated in that his counsel failed before trial to seek to quash the assault indictments as merged with rape and in that the Appellate Division on collateral attack failed to vacate

---

5. E. g., " * * * I started to back up, * * * there was just no getting away. He just kept pushing and pushing until finally he grabbed my hair and kept pulling my hair, like that at the moment. Anyhow, he finally pushed me about 75 feet or so up the canal, toward my home, and then he threw me to the ground and it was very slippery." (N.T. 36)

6. In 1965 it was said that "if a woman assaulted is physically and mentally able to resist, is not terrified by threats, and is not in a place and position that resistance would have been useless, it must be shown that she did, in fact, resist the assault." State v. Terry, 89 N.J.Super. 445, 449, 215 A.2d 374, 376 (App.Div.1965). The assault took place late at night near a disused canal in a residential part of Trenton. Petitioner made threatening gestures with a straight razor. Twice during her description of the assault at trial the prosecutrix was unable to remember what had been said because she was "so scared" at the time (N.T. 31, 40). Apparently these circumstances would excuse the requirement of actual resistance

under *Terry*. We agree with the statement of the Appellate Division, on collateral attack, that "there can be no question but that she was placed in fear of her life and had to submit to the forcible violation of her person."

7. Petitioner does not complain in his brief of ineffective counsel on direct appeal, although he raised the issue in the District Court. The District Judge correctly pointed out that plain error under N.J. R.R. 3:7–7, and 2:5 incorporating 1:5–1, would have had to be shown in the court's failure to give the instruction, in view of the fact it was not requested. The test is whether the error possesses a clear capacity to bring about an unjust result, see State v. Hale, 45 N.J. 255, 212 A.2d 146 (1965), and depends on the circumstances of the particular case, see State v. Fair, 45 N.J. 77, 211 A.2d 359 (1965). In a case involving circumstances similar to this one, where the judge in his charge merely quoted the statute governing rape, it was held there was no plain error. State v. Riley, *supra*. See, also, State v. Yevchak, *supra*.

all his convictions as merged with one another. We have examined these contentions and find them to be without merit.[8]

The order of the District Court denying the writ of habeas corpus will, accordingly, be affirmed.

---

8. The first was considered and rejected by the District Court. As to the second, petitioner claims that the charge improperly gave the jury to believe that assault with an offensive weapon was essential to a rape conviction, and that accordingly the rape conviction should have been vacated along with that for assault. This contention is rejected. The word "assault" was not mentioned during the discussion of the rape indictment. And the trial judge's parting instruction was:
 "Finally, I will advert to the fact again that we have three indictments and the possibilities would be guilty or not guilty under any of these indictments individually; guilty or not guilty." (N.T. 334).