135 N.J. Super. 203 (1975)
343 A.2d 99
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JAMES McPHERSON, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted June 24, 1975.
Decided July 3, 1975.
*204 Before Judges COLLESTER, KOLOVSKY and HALPERN.
Mr. Stanley C. Van Ness, Public Defender of New Jersey, attorney for appellant (Mr. Michael R. Klekman, Assistant Deputy Public Defender, of counsel and on the brief).
Mr. William F. Hyland, Attorney General of New Jersey, attorney for respondent (Mr. Solomon Rosengarten, Deputy Attorney General, of counsel and on the brief).
PER CURIAM.
Defendant appeals from a judgment of conviction, entered on a jury verdict, finding him guilty of rape, in violation of N.J.S.A. 2A:138-1. He seeks a reversal of his conviction contending the trial judge erred in (a) denying his motion for a judgment of acquittal at the end of the State's case and (b) in failing to charge fornication as a lesser included offense to rape. We find no merit in either contention and affirm.
The jury could find from the uncontradicted proofs offered by the State (defendant did not testify) that during the early morning hours of June 3, 1973, defendant forced the victim, an 18-year-old female, to have sexual relations with him against her will. Briefly stated, the victim testified she cried and pleaded with defendant to take her home and not *205 to have sexual relations with her  she did her best to talk him out of it, but when this failed she submitted out of fear of what he might do to her if she resisted. She had been taught in school to refrain from resisting, when further resistance appeared futile, in view of the possible danger of serious bodily harm. Her immediate complaints of the rape to her close friends and the police were corroborated by other state witnesses. Her schoolteacher corroborated her testimony of their class discussions concerning what action to take when confronted with a rapist. She underwent a physical examination shortly after the attack and the medical proof indicated there was trauma to her hymenal ring, a reddish colored area in her vagina and spermatozoa in her vaginal canal.
Viewing the State's evidence in its entirety, and giving the State the benefit of all its favorable testimony as well as all the favorable inferences which reasonably could be drawn therefrom, a reasonable jury could find defendant guilty of rape beyond a reasonable doubt. State v. Reyes, 50 N.J. 454, 458-459 (1967); State v. Fiorello, 36 N.J. 80 (1961), cert. den. 368 U.S. 967, 82 S.Ct. 439, 7 L.Ed.2d 396 (1962). Defendant's argument that force and lack of consent had not been established lacks substance. The victim was not duly bound to resist "to the uttermost"  the law requires that she resist as much as possible under the circumstances. State v. Terry, 89 N.J. Super. 445, 448-449 (App. Div. 1965). The jury could properly find that under the existing circumstances she acted wisely in not resisting "to the uttermost," but nonetheless the essential elements to convict for rape had been proven. Terry, supra.
Nor did the trial judge err in failing to charge on fornication. Contrary to defendant's contention: "[T]here need not be a jury charge with respect to an included offense unless there is a rational basis in the evidence for a finding that the defendant was not guilty of the higher offense charged but guilty of the lesser included offense." State v. *206 Saulnier, 63 N.J. 199, 206-207 (1973). We find no rational basis in this case warranting a fornication charge. The uncontradicted proofs pointed to a charge of rape, and not to fornication.
Affirmed.