**Ollie MORGAN**

v.

**John R. MANSON, Commissioner, Connecticut Department of Correction.**

**Civ. No. H–76–43.**

United States District Court,
D. Connecticut.

April 5, 1976.

John R. Williams, Williams, Avery & Wynn, New Haven, Conn., for petitioner.

Robert E. Beach, Jr., Asst. State's Atty., New Haven, Conn., for respondent.

## RULING ON MOTION FOR RELEASE ON BOND

BLUMENFELD, District Judge.

Ollie Morgan has filed a petition for a writ of habeas corpus, seeking review in this court of his 1973 conviction of first degree rape, after a jury trial in the Connecticut state courts. The conviction was recently affirmed by the Connecticut Supreme Court. *State v. Morgan*, Conn., —— A.2d ——, 37 Conn.L.J. No. 30, at 1 (1976). Petitioner was released on a $25,000 real estate bond during the pendency of his appeal within the state court system. He now seeks bail on the same terms from this court while his habeas corpus petition is pending.

Although the court has the inherent power to release him on bail under these circumstances, *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972); *Woodcock v. Donnelly*, 470 F.2d 93 (1st Cir. 1972), he is in quite a different position at this juncture than he was during the state court proceedings. As Judge Gurfein noted in *Argro v. United States*, 505 F.2d 1374, 1377 (2d Cir. 1974), the affirmance of the state conviction is a relevant factor in an evaluation of Morgan's application for bail. This is especially true in light of the court's indication in *Argro* that bail would be proper "only under the most unusual circumstances." 505 F.2d at 1378.

The Court of Appeals for the First Circuit examined the very issue presented in this case in some detail in *Glynn v. Donnelly*, 470 F.2d 95 (1st Cir. 1972). The court concluded that release pending a determination of the merits of a habeas corpus petition would be proper only if, absent "exceptional circumstances," the petitioner presents both "a clear case on the law" and "a clear, and readily evident, case on the facts." 470 F.2d at 98. The Fifth Circuit put the test somewhat differently, requiring the petitioner to raise "substantial constitutional claims upon which he has a high probability of success . . .." *Calley v. Callaway*, 496 F.2d 701, 702 (5th Cir. 1974). The reasons behind such a strict requirement were well stated by Judge Aldrich, writing for the court in *Glynn*:

"[t]he presumption [of innocence] fades upon conviction, and can be of no significance after the defendant's appeal has been rejected. Correspondingly, the state acquires a substantial interest in executing its judgment. . . . [T]his combination of factors dictates a formidable barrier for those who seek interim release while they pursue their collateral remedies."

470 F.2d at 98.

In *Woodcock*, 470 F.2d 93 (1st Cir. 1972), the court left the initial application of the standards for release to the discretion of the district court, as did the

Second Circuit, by remanding in the analogous situation presented in *Argro*, 505 F.2d 1374 (2d Cir. 1974). I conclude that petitioner Morgan has not overcome the formidable barrier described by Judge Aldrich. First, it is far from clear that the claimed deprivation of constitutional rights, the failure of the state trial judge to define the statutory term "earnest resistance" in his jury instructions, is either meritorious or, indeed, of constitutional dimension. *See McMillan v. State of New Jersey*, 408 F.2d 1375 (3d Cir. 1969). Second, the petitioner's medical condition does not, on the evidence submitted, require his release on bond. The gist of the doctors' comments is that Morgan's cardio-pulmonary disease requires medication and close follow-up, and that his health would improve if he were able to live in the Southwest. This situation does not constitute the sort of "extraordinary circumstances" described by the Fifth Circuit in the *Calley* decision, such as a "serious deterioration of the petitioner's health while incarcerated . . .." 496 F.2d at 702 n.1.

The petitioner's health problems have existed for a considerable period of time. Unfortunately, his behavior during this time has been somewhat less than exemplary. This leads me to the final consideration, the petitioner's record while on release on bail by the state courts. He was charged with third degree grand larceny in New York State on December 12, 1975, but the charges were subsequently dropped. In addition, he was charged on February 12, 1975, with threatening and reckless endangerment here in Connecticut. On January 28, 1976, he pleaded guilty to the threatening charge, for which he received a six-month suspended sentence, and two years probation. The second charge was nolled. While these brushes with the law do not necessarily establish that Morgan poses a danger to the community, that is not the applicable standard for one collaterally attacking a conviction, which has already been affirmed, as discussed above. *See, Argro; Calley; Glynn;* and *Woodcock*, all cited previously.

The petitioner's request for bail, pending my ruling on his petition for a writ of habeas corpus, is denied. It is

SO ORDERED.